UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

ENID BROWN,

                Plaintiff,

  -against-

UNITED STATES OF AMERICA,

                Defendant.

---------------------------------------------------x

<u>MEMORANDUM AND ORDER</u>

03-CV-6232 (ILG)

Glasser, J., United States District Judge:

In this action, Enid Brown ("plaintiff") alleges that she slipped and fell on ice coating the sidewalk abutting a U.S. Post Office in Queens, New York as a result of the United States's ("defendant") negligence. Pending before the Court is defendant's motion to dismiss or, in the alternative, for summary judgment.

## **FACTS**

Plaintiff alleges that while walking on Archer Avenue on January 7, 2003, she slipped and fell on snow and ice on the sidewalk abutting the U.S. Post Office building, which defendant owns and/or operates. Plaintiff, who was alone at the time of her injury, noticed the ice before she fell. See Def. Local Rule 56.1 Statement ("56.1 Statement") ¶¶ 6, 7; Pl. Dep. at 28, ln. 6-7. While it was not snowing that day, there was snow on the ground. Pl. Dep. at 18, ln. 12-15. Plaintiff testified that the area where she fell "wasn't being cleaned." Pl. Dep. at 42, ln. 22. She alleges that defendant "negligently and carelessly maintained [the sidewalk] in such a haphazard, negligent manner" so as to create an "unsafe, improper and dangerous condition, which consisted

1

of a trap and nuisance" of which defendant had notice.  Compl. ¶ 13; Def 56.1 Statement ¶ 3.  In her answer to defendant's interrogatories, plaintiff defines the "dangerous condition" and "trap and nuisance" as "snow and ice."  Def. 56.1 Statement ¶ 9.  As a result of the fall, plaintiff fractured her right wrist.  Pl. Dep. at 34, ln. 2-4.  She seeks $2,000,000.00 in damages for her injuries.  Compl. ¶ 18; Def. 56.1 Statement ¶ 4.

Plaintiff commenced this action on November 25, 2003.[1]  Thereafter, the parties engaged in discovery.  Defendant now moves to dismiss the complaint or, in the alternative, for summary judgment.

## DISCUSSION

The Court will treat this motion as one for summary judgment in view of the parties' submissions, including affidavits and exhibits, in support of their memoranda of law.  Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Summary judgment is precluded only where the factual issue is genuine, which means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In order to survive a motion for summary judgment, "the opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  To that end, the non-

---

[1] Plaintiff originally sued the U.S. Postal Service in addition to the United States.  The U.S. Postal Service was terminated from this action pursuant to a Stipulation and Order of Partial Dismissal dated April 16, 2004, which this Court so ordered on April 19, 2004.

moving party "may not rest upon the mere allegations or denials" in its pleadings;

rather, it "must set forth specific facts showing that there is a genuine issue for trial."

Fed. R. Civ. P. 56(e).  When evaluating a motion for summary judgment, "the inferences

to be drawn from the underlying facts . . . must be viewed in the light most favorable to

the party opposing the motion."  Matsushita, 475 U.S. at 587.  Guided by these

principles, the Court turns to the parties' arguments in this case.

As an initial matter, the Court notes that plaintiff has not filed a Local Rule 56.1

Counter Statement in opposition to defendant's 56.1 Statement.  See Local Civil Rule

56.1(b) of the Eastern and Southern District Courts ("The papers opposing a motion for

summary judgment shall include a separate, short and concise statement of the material

facts as to which it is contended that there exists a genuine issue to be tried.").

Accordingly, the Court deems admitted all the material facts set forth in defendant's 56.1

Statement.  See id. Rule 56.1(c).  See also Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir.

1998); DeFilippo v. GMRI, Inc., 10 F. Supp. 2d 245, 247 (E.D.N.Y. 1998) (Glasser, J.).

## I.     Defendant's Alleged Negligence

Plaintiff asserts a cause of action for negligence.  Under New York law, in order to

prevail on a claim for negligence a plaintiff must show that:  "(1) the defendant owed the

plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the

plaintiff suffered damage as a proximate result of the breach."  Quarles v. Columbia

Sussex Corp., 997 F. Supp. 327, 330 (E.D.N.Y. 1998) (citing Solomon v. City of New

York, 66 N.Y.2d 1026, 1027 (1985)).[2]

---

[2]  Plaintiff asserts her negligence cause of action against the United States pursuant to the Federal
Tort Claims Act, 28 U.S.C. § 2674, which provides that the "United States shall be liable, respecting the
provisions of this title relating to tort claims, in the same manner and to the same extent as a private

Defendant argues that it is entitled to summary judgment because it owed no duty of care to plaintiff as a matter of law.  See Def. Mem. at 3.  "It is a well established principle in New York that a landowner is not liable to an injured pedestrian for his failure to remove natural accumulations of snow and ice from an abutting sidewalk." Luksic v. Lo, 1996 WL 406550, at *1 (E.D.N.Y. July 15, 1996) (Glasser, J.).  There is an exception to this rule where "a statute or ordinance specifically imposes tort liability for failing to do so."  Klotz v. City of New York, 9 A.D.3d 392, 393 (2d Dep't 2004); see also Roark v. Hunting, 24 N.Y.2d 470, 475 (1969).  Defendant argues that at the time of plaintiff's injury there were no statutes or ordinances that imposed a duty on it as an abutting landowner to remove accumulated snow and ice.  See Def. Mem. at 3.  Plaintiff does not refute that contention.  In support of its position, defendant cites Klotz, 9 A.D.3d at 393, an analogous case in which the court found that defendant New York City had no duty to clear the sidewalk of ice and snow because plaintiff's accident occurred before September 14, 2003, the effective date of N.Y. Comp. Codes R. & Regs. tit. 7, § 7-210 (2003), which imposes a duty on the owner of real property abutting a sidewalk to maintain that sidewalk in a "reasonably safe condition" and imposes liability for personal injury resulting from the landowner's failure to do so.  Because that provision was not in effect on January 7, 2003, the date of plaintiff's injury, the general rule applies that under New York law landowners have no affirmative duty to remove snow and ice that accumulates on the sidewalk abutting their property.[3]

_____

individual under like circumstances...."  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1).

[3]  Although not cited by the parties, the Court notes that § 16-123 of the New York City Administrative Code requires, in relevant part, that "[e]very owner, lessee, tenant ... having charge of any

Plaintiff alleges that defendant "negligently and carelessly maintained [the sidewalk] in [] a haphazard, negligent manner." Compl. ¶ 13. Morever, in her response to defendant's interrogatories, plaintiff states that defendant and its agents "permitted and allowed ice to accumulate on the sidewalk in front of the" Post Office. Pl. Interrogs. Resp. ¶ 13. Plaintiff also states that "defendant failed to provide adequate and proper apparatus and/or machines for the removal of the ice" and that "defendant failed to take measures to inspect, remedy and/or eliminate the said hazardous and dangerous condition which caused" her injury. Id. As discussed above, since defendant has no obligation under New York law to "remove natural accumulations of snow and ice from an abutting sidewalk," these assertions fail to establish defendant's liability. Luksic, 1996 WL 406550, at *1.

In the absence of a duty created by statute or ordinance, "[o]nly where the unsafe condition was created by the landowner's 'own wrongful act,' such as where the removal was performed so as to create a dangerous condition thereby increasing the natural hazard, is the owner held liable." Id. (citing Roark, 24 N.Y.2d at 475); see also Schlausky v. City of New York, 41 A.D.2d 156, 158 (1st Dep't 1973) (plaintiff failed to show "[s]ome affirmative act of fault ... which increased the hazard"); Herrick v. Grand Union Co., 1

---

building or lot of ground in the city, abutting upon any street where the sidewalk is paved, shall, within four hours after the snow ceases to fall ... remove the snow or ice ... from the sidewalk and gutter...." Nevertheless, "it has been the common law of this State that an owner of real property, even if required by municipal ordinance to remove snow or ice from a public sidewalk in front of his premises, is not liable in tort for injuries sustained by a pedestrian who slips and falls on a natural accumulation of snow or ice on that sidewalk." Rios v. Acosta, 8 A.D.3d 183, 184 (1st Dep't 2004) (emphasis added). Because § 16-123 does not "specifically impose[] tort liability for failing to" remove the snow, Klotz, 9 A.D.3d at 393, the general rule applies in this case. See Norcott v. Cent. Iron Metal Scraps, 214 A.D.2d 660, 661 (2d Dep't 1995) (reversing denial of summary judgment to landowner in negligence action because § 16-123 does not state that breach of the duty to remove accumulations of ice and snow from sidewalks subjects landowners to liability for personal injuries).

A.D.2d 911 (3d Dep't 1956).  Defendant argues that plaintiff fails to establish that it

removed the snow or ice in a manner that created the hazardous condition that injured

plaintiff.  See Def. Mem. at 5.  In opposition to defendant's motion, plaintiff's counsel

submits an affidavit, which states that summary judgment is precluded because "a

question of fact remains in regard to whether the defendants and their agents in

attempting to remove the snow made the condition more dangerous by leaving a sheet

of ice which caused the plaintiff's fall."  Pomara Aff. ¶ 9.  The affidavit is devoid of

specific facts supporting that conclusory assertion.  "[A]n affidavit filed by 'the opposing

party's attorney which does not contain specific facts ... is not entitled to any weight.'"

Clerical Apparel of N.Y., Inc. v. Valley Forge Ins. Co., 209 F.R.D. 316, 320 (E.D.N.Y.

2002) (Glasser, J.) (quoting Wyler v. United States, 725 F.2d 156, 160 (2d Cir. 1983)).

Plaintiff also submits her own affidavit in opposition to defendant's motion.  Yet

that affidavit contradicts her sworn testimony.  In her affidavit, plaintiff avers:  "in front

of the post office it appeared as if someone had attempted by shoveling or otherwise to

create an approximate three foot wide path through the snow.  The snow was removed,

however, under the snow was left a layer of ice which caused me to fall.  It appeared as

though the path was manmade as there were piles of snow on either side of the

pathway."  Pl. Aff. ¶ 2.  These assertions contradict plaintiff's deposition testimony that

the sidewalk "wasn't being cleaned."  See Pl. Dep. at 42, ln. 22.  "The rule is well-settled

in this circuit that a party may not, in order to defeat a summary judgment motion,

create a material issue of fact by submitting an affidavit disputing his own prior sworn

testimony."  Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 925 F.2d 566,

572 (2d Cir. 1991).[4]  See also Miller v. City of New York, 214 A.D.2d 657 (2d Dep't 1995) (reversing denial of summary judgment for defendant where plaintiff's deposition testimony that there was no indication the sidewalk had been shoveled contradicted her affidavit submitted in opposition to defendant's motion, which stated that the sidewalk had been shoveled).  Additionally, the complaint does not allege that defendant took affirmative steps to remove the snow; rather, it alleges that defendant "negligently and carelessly maintained" the sidewalk.  See Compl. ¶ 13.  As this Court held in Luksic, mere allegations that a defendant "allowed and permitted the sidewalk ... to become and remain in an icy, wet, slippery and dangerous condition" are insufficient to show that defendant created a dangerous condition in removing the snow.  1996 WL 406550, at *2 (granting judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in favor of defendant).  Plaintiff has failed to meet her burden under Fed. R. Civ. P. 56(e) to submit evidence sufficient to raise a genuine issue of material fact as to whether "the hazard was increased by what was done in the process of removing the snow and ice."  Herrick, 1 A.D.2d at 911.  Accordingly, the Court grants summary judgment in favor of defendant. See Rao v. Hatanian, 2 A.D.3d 616, 617 (2d Dep't 2003) (granting summary judgment for the defendant where there was no duty to remove snow and plaintiff failed to raise a

---

[4]  Even were the Court to credit plaintiff's affidavit, it fails to establish defendant's liability.  Proof that defendant cleared a pathway but left piles of snow is insufficient to establish that defendant created an unreasonably dangerous condition which caused plaintiff's injury.  See Auletta v. City of New York, 22 N.Y.2d 738, 739 (1968).  Indeed, "removal of snow and ice by the abutting owner does not subject him to liability simply because the removal is incomplete or because it exposes a dangerous condition that he did not create.  Thus, liability cannot be based on the mere fact that ice was present some hours after snow removal, because the ice may have resulted from a variety of causes."  Luksic, 1996 WL 406550, at *1 (citations omitted).  See also Bricca v. N.Y. Tel. Co., 37 A.D.2d 564 (2d Dep't 1971) (reversing jury verdict in favor of plaintiff where trial court erroneously instructed jury that "leaving pieces of ice on the sidewalk" would subject the defendant to liability).

triable issue of fact regarding claim that defendant increased hazard to plaintiff in shoveling snow); <u>Oley v. Village of Massapequa Park</u>, 198 A.D.2d 272 (2d Dep't 1993) (affirming judgment as a matter of law for defendant where plaintiff slipped on naturally accumulated snow and ice and failed to present any evidence that defendant made the condition more hazardous by attempting to remove snow); <u>Stewart v. Haleviym</u>, 186 A.D.2d 731, 732 (2d Dep't 1992).

## **CONCLUSION**

For the reasons stated above, the Court grants summary judgment in favor of defendant. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: June 24, 2005
        Brooklyn, New York

s/_____
I. Leo Glasser
United States District Judge

Copies of the foregoing were sent on this day to:


Keisha-Ann G. Gray
United States Attorney
Eastern District of New York
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201


Francisco Pomara
Mallilo & Grossman
163-09 Northern Blvd.
Flushing, NY 11358